WALKER, J., dissenting; BROWN, J., concurs in the dissenting opinion.
This action is to recover damages for the loss by negligence of four bales of silk, shipped from High Point to New York under a contract with the defendant, in which the value of the silk was not given, and in which was the following stipulation: "And if the value of the property above described is not stated by the shipper at the time of shipment and specified in this receipt, the holder thereof will not demand of the Southern Express Company a sum exceeding $50 for the loss or damage to the shipment herein receipted for."
The defendant relied on the valuation clause above set out, and contended that the plaintiff could not recover more than $50, and that to permit the recovery of a larger sum would be an interference with the act to regulate interstate commerce.
The jury returned the following verdict:
1. Did the plaintiff, on 11 July, 1908, deliver unto the defendant the four bales of silk described in the complaint, to be safely transported from High Point, N.C. and delivered to the plaintiff in New York? Answer: Yes (by consent).
2. Did the defendant negligently fail to transport and deliver unto the plaintiff, the consignee, in the city of New York, or elsewhere, the four bales of silk described in the complaint? Answer: Yes.
3. Did the plaintiff present to the defendant, at its office in High Point, N.C. a claim for damages for the loss of the goods, in writing, within ninety days after 11 July, 1908, with the original receipt annexed? Answer: Yes.
4. What amount, if any, are the plaintiffs entitled to recover of the defendant on account of the four bales of silk mentioned in the complaint? Answer: $1,999, with interest.
The defendant appealed from a judgment rendered in accordance with the verdict. *Page 404 
(495) It is doubtful if the record presents any question requiring a consideration of the act to regulate interstate commerce, but conceding that it does, our views have been presented and the principles controlling the decision of the contentions of the defendant have been declared in Mule Co. v. R. R., ante, 215. There are two cases by that title at this term, and the one referred to is the one in which the interstate commerce act is discussed. We find
No error.